**D.S. HARRELL, Plaintiff-Appellee,**

v.

**AIR LOGISTICS, INC., et al.,
Defendants,**

**J. Ray McDermott & Co., Inc.,
Defendant-Appellant.**

No. 86–3295
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 14, 1986.

John T. Nesser, Nesser & King, David S. Bland, New Orleans, La., for defendant-appellant.

Carl J. Schumacher, Jr., Ungar, Wheelhan & Dunn, New Orleans, La., for plaintiff-appellee.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

POLITZ, Circuit Judge:

McDermott Incorporated appeals an award of punitive damages and attorneys' fees imposed for what the trial court found to be a willful, capricious, and bad-faith failure to furnish maintenance and cure to a seaman-employee. Finding no clearly erroneous finding of fact and no abuse of the trial court's discretion in making the award, we affirm.

## Background

D.S. Harrell, a seaman employed by McDermott, sustained back injuries in a work-related helicopter accident in January 1980. He recovered and returned to work. Thereafter, on March 7, 1983, bad luck struck Harrell twice; on two separate occasions on that day he was a passenger aboard a helicopter which malfunctioned. The first aircraft made a forced landing on the water. The second had engine trouble and dipped towards the water but regained power in time to avoid a crash. After returning to shore Harrell complained of injuries, was briefly hospitalized, and then was referred to the Mississippi Department of Rehabilitation Services (MDRS).

Harrell was treated by a physician who recommended neurological and psychiatric evaluation. Following this recommendation a representative of the MDRS asked McDermott to arrange for those evaluations. McDermott assumed responsibility for the neurological treatment but ignored the request for the psychiatric care. MDRS persisted and inquired whether McDermott would schedule and pay for the psychiatric evaluation. In response McDermott advised that it would not schedule psychiatric treatment.

At least one treating physician spoke of the psychological overlay, noting this aspect of Harrell's medical difficulties in a report furnished to McDermott. Harrell independently sought psychiatric care. On one occasion McDermott's adjusting agent, Crawford and Company, received a request for payment of a bill for services rendered by a psychiatrist. The bill was approved. Despite this knowledge about the psychological difficulties requiring medical attention, McDermott terminated maintenance and cure, doing so without notice and without making any investigation to determine the status of Harrell's psychiatric condition.

Within a few days after benefits were terminated, McDermott received a request that it pay $71 for charges associated with Harrell's psychiatric therapy. This request, ignored until just before trial, necessarily underscored McDermott's knowledge that Harrell was receiving medical treatment for a psychiatric disorder. Notwithstanding this knowledge, McDermott made no inquiry about Harrell's work-related medical condition and took no steps to reinstate the maintenance and cure it had terminated.

The district court found that McDermott had arbitrarily, capriciously, and in bad faith refused to pay for necessary psychiatric care under its cure obligation and the necessary maintenance until it was demonstrated that maximum cure had been achieved. In reaching this ultimate factual determination the trial court found that McDermott had refused to pay for psychiatric care when asked to do so by MDRS and then again when requests for payment were made, that it failed to determine Harrell's medical condition before terminating maintenance and cure, and that it failed to inquire about Harrell's medical condition after receiving information about the continued psychiatric treatment. The district court found that McDermott had intentionally ignored Harrell's psychiatric difficulties, contrary to its firmly established responsibilities toward an injured seaman.

## Analysis

The sole issue before the court involves sanctions for the arbitrary and capricious failure to provide maintenance and cure to an injured seaman. As the district court noted, that decision is committed to the sound discretion of the trial judge. The leading [1] case on this issue, *Holmes v. J.*

1. Referred to as the "ovular" case in *McWilliams*    *v. Texaco*, 781 F.2d 514 (5th Cir.1986).

*Ray McDermott*, 734 F.2d 1110 (5th Cir. 1984),[2] speaks to the duty of an employer to investigate claims for maintenance and cure before denying or terminating benefits, and the power of the court to impose punitive damages where benefits are arbitrarily and capriciously denied without adequate inquiry. In the case at bar, the court found initial denial of maintenance and cure, continued denial despite notice that treatment had been sought, termination of benefits without investigation, and failure to reinstate benefits despite receipt of alerting information.

McDermott argues on appeal that it paid for Harrell's psychiatric care. At best it paid for only a portion of those charges. It further argues that it paid maintenance until Harrell reached maximum cure. The trial court did not find the evidence in support of this contention persuasive. That finding is not clearly erroneous; at best the evidence of payment of maintenance during the requisite period is uncertain.

The trial court, making what in substantial part were credibility assessments of witnesses, concluded that McDermott acted arbitrarily, capriciously, and in bad faith in failing to pay the requisite maintenance and cure due Harrell. We are not persuaded that the underlying factual findings are clearly erroneous or that the trial court abused its discretion in imposing penalties and attorneys' fees.

The judgment is AFFIRMED.

---

2. In *Holmes* we applied the standard of *Boeing Company v. Shipman*, 411 F.2d 365 (5th Cir. 1969) (en banc), to a claim for punitive damages for denial of maintenance and cure.